IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MELODY L. WILLIAMS,

                Plaintiff,    :    Case No. 3:15-cv-388

                                          District Judge Thomas M. Rose
   -  vs  -                               Magistrate Judge Michael R. Merz

OHIO DEPARTMENT OF REHABILITATION
 AND CORRECTIONS, et al.,

                Defendants.    :

---

# REPORT AND RECOMMENDATIONS ON MOTION FOR CLASS CERTIFICATION; ORDER DENYING APPOINTMENT OF COUNSEL

---

This case is before the Court on Plaintiff's Motion to Certify a Class and Appoint Class Counsel (ECF No. 29). Defendant opposes the Motion (ECF No. 36) and Plaintiff has filed a Reply in Support (ECF No. 37).

**Class Certification**

A motion to certify a class is treated as "dispositive" by the Magistrate's Act and requires a recommended decision. 28 U.S.C. § 636(b).

1

Fed. R. Civ. P. 23 requires a representative plaintiff seeking class certification to demonstrate

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). A court may not certify a class action unless the named plaintiff satisfies each of these four of the prerequisites. The plaintiff bears the burden of establishing Rule 23(a)'s requirements. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012); *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir.1996).

With respect to adequacy of representation, the Sixth Circuit has held that "[p]ro se prisoners generally may not bring class action lawsuits concerning prison conditions." *Dodson v. Wilkinson*, 304 Fed. Appx. 434, 438 (6th Cir. 2008), *citing Dean v. Blanchard*, 865 F.2d 257 (6th Cir. 1988) (Table) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Plaintiff seeks to cure that problem by having the Court appoint counsel, but that request is denied in a later portion of this filing.

Determining whether the proposed class meets the numerosity requirement starts with class definition. Plaintiff provides no class definition in her Motion. She asserts:

> The Plaintiff, and all parties involved, contend that all prisoners at the Dayton Corr[ectional] Inst[itution] are denied the constitutional right of access in violation of the 1st Amendment of the U.S. Constitution, and are injured by the inadequate conditions of the legal library, and by its practices and procedures.

2

(Motion, ECF No. 29, PageID 401-02.) In her Reply, she "asserts that the challenge[d] action applies to the proposed class of similarly-situated prisoners at DCI as a whole and does not require differentiation between [sic] class members." (ECF No. 37, PageID 456-57.) She continues:

> The plaintiff asserts that all class members, and proposed class members, have suffered the same constitutional injury based on the challenged policies. Consequently, the plaintiff asserts that the proposed class members injuries are sufficiently similar that they can be remedied in a single injunction without differentiating between [sic] class members.

*Id.* at PageID 457. Thus Plaintiff does not tell the Court who is in the class or who is proposed to be in the class.

Even if the numerosity requirement were satisfied, the typicality requirement remains problematic. Some of the claims made about the library at DCI appear to apply to all inmates, some to inmates based on their security level, and some on their race (Amended Complaint, ECF No. 23, PageID 358, et seq.) Some of the claims are general and some apply only to the Plaintiff personally. *Id.*

Plaintiff has also not shown that common questions of law and fact predominate in the case. To the extent DCI has policies regarding the library which are enforced and general, there will be common questions of fact as to what the policies are and law as to whether the policies are lawful. But Plaintiff complains of differential treatment of herself as compared with others and has not shown that those individual factual questions are not likely to predominate.

Finally, Plaintiff has not shown the superiority of a class proceeding in achieving remedies for any of the unconstitutional deprivations of which she complains. If she shows deprivations of her First Amendment rights as a result of institutional policies, an injunction directed to those policies would be an adequate remedy for all persons affected by those policies.

It is therefore respectfully recommended that Plaintiff's Motion for Class Certification be DENIED.

**Appointment of Counsel**

Appointment of counsel in a civil case is not a constitutional right. *Mekdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522, n. 19 (11th Cir. 1983). It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985), cited approvingly in *Lavado, Jr. v. Keohane*, 992 F.2d 601 (6th Cir. 1993). While the *in forma pauperis* statute permits the Court to "request an attorney to represent any person unable to afford counsel," a district court has no authority to compel an attorney to accept appointment. *Mallard v. U.S. Dist. Court, S.D. Iowa*, 490 U.S. 296 (1989). Congress has provided no funds to district courts with which to compensate attorneys appointed under § 1915 and the Court is unaware of any counsel prepared to undertake institutional litigation against the State of Ohio with little prospect of compensation. Accordingly, the Motion for Appointment of Counsel is DENIED.

Plaintiff is of course welcome to contact any organization that conducts institutional litigation to seek assistance of counsel. One such institution is Advocates for Basic Legal

Equality (ABLE) which is located at 130 West Second Street, Room 700, Dayton, Ohio 45402. If they were willing to accept appointment in this case, the Court would reconsider Plaintiff's request.

September 26, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).