**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| Melody L. Williams, | : | Case No. 3:15-cv-00388 |
| --- | --- | --- |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| Ohio Department of Rehabilitation and Corrections, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon Plaintiff's *pro se* Motion for Preventative Injunctive and Temporary Restraining Order (Preliminary Injunction) (Doc. #57) and Defendants' Status Report and attached Exhibits (Doc. #59). Plaintiff seeks injunctive relief "to prevent further injury and the potential of loss of life[,] due to the Defendant ODRC's failure to treat, and provide emergency medical care." (Doc. #57, p. 3). She also states that she is "is in immediate harm and does fear death." *Id*. at 2. This appears to stem, in part, from an alleged denial of medical care in August 2016 for her life-threatening perforated ulcer and from an alleged denial of medical care for her serious medical emergency on April 29, 2017. *Id*. at 7.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

On May 24, 2017, the Court held a telephone conference with Plaintiff and Defendants' counsel. During the conference Plaintiff alleged that her prison medical records do not accurately describe her medical diagnoses and, as a result, she has been denied treatment for several serious health problems in violation of the Constitution. Plaintiff explained, for example, that while she was receiving medical care at the Ohio State University Hospital in January 2017, they told her she has multiple stomach ulcers one of which was healing on its own. She further explained that her current prison medical records do not state that she has been diagnosed with multiple stomach ulcers. This, she claims, allows medical personnel to deny mandatory medical treatment she is due under the Constitution. The same goes, according to Plaintiff, for her other medical problems such as herniated discs in her back and H-Pylori.

The extraordinary remedy provided by a preliminary injunction may be available when the following four factors are balanced against each other:

> (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). The same balance of factors applies to requests for temporary injunctions. *See Stein v. Thomas*, 672 F. App'x 565, 569 (6th Cir. 2016). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (citation omitted).

Balancing these factors against each other in this case establishes that Plaintiff is not entitled to the injunctive relief she seeks. First, she cannot show a substantial likelihood of success on the merits of the allegations she presently raises because she has not exhausted her administrative remedies regarding her presently raised new constitutional claims, *i.e.,* ones not asserted in her original complaint. *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

Second, neither Plaintiff's Motion nor the information she provided to the Court during the telephone conference show that her life is in immediate peril or that she will suffer irreparable harm if an injunction does not issue. At best, she speculates about potential harm she might incur, if certain future events occur. Such speculation falls short of showing irreparable harm. *See United States v. Emerson,* 270 F.3d 203, 262 (5th Cir.2001) ("to establish irreparable harm, '[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant.'"). Lastly, Plaintiff's allegations do not implicate either of the remaining preliminary-injunctions factors. For these reasons, the balance of the applicable factors fails to support issuance of the preliminary injunction Plaintiff seeks. *Cf. Matthews v. Core Civic*, No. 1:16cv0108, 2017 WL 1021287, at *1 (M.D. Tenn. 2017) (Holmes, M.J.) (Report and Recommendation) ("Absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations of a correctional facility….").

Accordingly, Plaintiff's Motion lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's Motion for Preventative Injunctive and Temporary Restraining Order (Preliminary Injunction) (Doc. #57) be DENIED.


June 2, 2017                                         *s/Sharon L. Ovington*
                                                     Sharon L. Ovington
                                                     United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within FOURTEEN days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).