# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Melody L. Williams, | : | Case No. 3:15-cv-00388 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| Ohio Department Of Rehabilitation And Corrections, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case is before the Court upon Plaintiff's *pro se* Motion for Prison Release (Doc. #61) and the record as a whole. Plaintiff contends that the information and evidence she has submitted in this case (her Complaint and its attachments, her affidavit, her Motion for Summary Judgment and its attachments, etc.) are sufficient to show that her release from incarceration is warranted under 18 U.S.C. § 3626. She alleges, in part, that Defendants have violated her fundamental Fourteenth Amendment rights of access to the courts and procedural due process. She also requests appointment of a three-judge court.

Plaintiff overlooks that the plain and unambiguous language of 18 U.S.C. § 3626(a)-(f) addresses the appropriate remedies available in cases challenging conditions of confinement. Assuming Plaintiff's allegations and claims in this case challenge the conditions of her confinement, at this pretrial and pre-dispositive-motion stage of the case, there has been no conclusive findings made regarding the merits, or lack thereof, of

her allegations or claims. As a result, she is not presently eligible for any remedy discussed in § 3626. She is, moreover, not eligible for a prisoner release order, or proceedings before a three-judge court, because she has not met the § 3626(b)(3) requirements for such an Order.

This case is also before the Court upon Plaintiff's Motion for Continuance (Doc. #60). Plaintiff argues that a ninety-day continuance of the Scheduling Order is needed to give her sufficient time to prosecute her present case. She reasons that she is not represented by counsel, that prison officials are retaliating against and interfering with her access to her legal materials, and she raises many factual allegations concerning events that post-date her original Complaint. Plaintiff, however, does not allege that she has exhausted her administrative remedies concerning her new allegations and claims against Defendants. And, the fact that Plaintiff was able to file a timely motion for summary judgment tends to show that she is presently able to litigate this case. Consequently, there is no need to extend the Scheduling Order for ninety days.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for Prison Release (Doc. #61) is DENIED; and
2. Plaintiff's Motion for Continuance (Doc. #60) is DENIED.

June 6, 2017                                          *s/Sharon L. Ovington*
                                                                               Sharon L. Ovington
                                                                               United States Magistrate Judge